849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilbur L. THAXTON, Plaintiff-Appellee,
v.
James S. LAIRD, Defendant-Appellant.
 No. 87-3198.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 25, 1988.
Decided: June 14, 1988.
 
 George Albert Daugherty, Daugherty & Tantlinger, Lawyers, on brief, for appellant.
 Arden J. Curry, II, Pauley, Curry, Sturgeon & Vanderford, on brief, for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 James S. Laird appeals the entry of summary judgment for Wilbur L. Thaxton enforcing an arbitration award. We affirm.
 
 
 2
 The law of West Virginia governs this diversity action. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Under the law of that state an arbitration award is binding and may not be attacked in the courts in the absence of actual fraud. Clinton Water Ass'n v. Farmers Constr. Co., 163 W.Va. 85, 254 S.E.2d 692 (1979); Board of Educ. v. W. Harley Miller, Inc., 160 W.Va. 473, 236 S.E.2d 439 (1977). The West Virginia courts have held that "constructive fraud, quasi-fraud or anything else fraud-like" does not satisfy this requirement. Barber v. Union Carbide Corp., 304 S.E.2d 353, 357 (W.Va.1983). Instead, the fraud must constitute a "willful, deliberate, malicious corruption emanating from an intentional desire to defeat a known, legitimate claim." Id.
 
 
 3
 Although Laird did not personally appear at the arbitration proceeding, it is undisputed that he received the demand for arbitration. Laird also does not contest the fact that he was represented by two attorneys in the proceeding who did not challenge the arbitrability of the claim or attempt to prevent the proceeding from going forward. After Thaxton brought suit to enforce the arbitration award, Laird alleged in his answer that he did not receive notice of the arbitration proceeding or the requirements of the process. Attached to the answer as an exhibit was a letter of protest to the arbitrators advising that he was not a signatory of the agreement with Thaxton. However, Laird did not properly allege fraud in the issuance of the arbitration award, nor does our review of the record indicate any basis upon which such an allegation could be grounded. Summary judgment was therefore properly granted. Fed.R.Civ.P. 56(c).
 
 
 4
 AFFIRMED.